FILED

JUL 31 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAVE STRAWBERRY CANYON,
a non-profit California public benefit
corporation,

                Plaintiff - Appellant,

  v.

STEVEN CHU, Secretary of the
United States Department of Energy;
AUNDRA RICHARDS, Site Office
Manager, United States Department of
Energy Berkeley Site Office; UNITED
STATES DEPARTMENT OF ENERGY,
a federal agency,

                Defendants - Appellees.

No. 11-15364

D.C. No. 3:10-cv-00797-VRW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted July 16, 2012
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Save Strawberry Canyon appeals the district court's grant of summary judgment to the Department of Energy on Save Strawberry Canyon's challenge to the adequacy of the Department of Energy's Environmental Assessment ("EA") and the Department's subsequent Finding of No Significant Impact ("FONSI") for a proposed plasma accelerator project (the "BELLA project") at a Department of Energy Laboratory in Berkeley, California. We affirm.

We conclude that the Department took the necessary "hard look" at the potential impacts of the plasma accelerator project in the EA and that the FONSI was not arbitrary or capricious. See Native Ecosystems Council v. U.S. Forest Serv., 428 F.3d 1233, 1239 (9th Cir. 2005). The EA sufficiently analyzed in context the possibility of radiation exposure to the public, and it was not arbitrary or capricious to determine that any radiation exposure would not be significant. The Department described the system and procedures to minimize any possible radiation to a level far below regulatory limits. The EA discussed the Lab's specialized expertise, to which we defer, in controlling and preventing radiation exposure as a result of operating accelerators like the proposed plasma accelerator for many years at the proposed project site. It was not arbitrary or capricious for the Department to continue to utilize its own well-established technical procedures and expertise in handling radiation from particle accelerators for the BELLA

2

project.  Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1124 (9th Cir. 2012) ("A court generally must be at its most deferential when reviewing scientific judgments and technical analyses within the agency's expertise." (internal quotation marks omitted)).  Additionally, none of the intensity factors indicated that the project will have a significant impact on the human environment.

We also conclude that the EA satisfied the procedural requirements of the National Environmental Policy Act.  See Ctr. for Biological Diversity v. U.S. Forest Serv., 349 F.3d 1157, 1165 (9th Cir. 2003).  The EA sufficiently addressed concerns regarding the impact of radiation from regular operation, accidents, cumulative impacts, and other unauthorized use.  The EA was not required to address mitigation measures because the FONSI was not based on mitigating any impacts.  Akiak Native Cmty. v. U.S. Postal Serv., 213 F.3d 1140, 1147 (9th Cir. 2000).  The EA also adequately addressed hazardous materials and possible alternatives for the project.  Native Ecosystems, 428 F.3d at 1246.  The EA adequately responded to comments and appropriately cited to outside documents.

**AFFIRMED.**